UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MARLYN BRAITHWAITE,

                              **MEMORANDUM & ORDER**

                                    07-CV-127 (NGG)

               Plaintiff,

         -against-

KINGSBORO PYSCHIATRIC CENTER,
AND THE NEW YORK STATE OFFICE
OF MENTAL HEALTH,

               Defendants.
----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Marlyn Braithwaite ("Plaintiff") brings this pro se action against Kingsboro Psychiatric Center ("Kingsboro") and the New York State Office of Mental Health ("OMH"). (Compl. (Docket Entry # 1) 1; Order dated Aug. 29, 2007 (Docket Entry # 16).) This court previously granted summary judgment to Defendants on Plaintiff's Title VII and ADEA claims, but construed Plaintiff's Complaint as also raising a First Amendment retaliation claim under 42 U.S.C. § 1983. See (Memorandum & Order dated Aug. 21, 2009 ("M&O") (Docket Entry # 41).) Defendants now move for summary judgment under Federal Rule of Civil Procedure 56(c) on that claim. (Def. Mot. (Docket Entry # 54).) For the following reasons, Defendants' motion is granted.

I.    **BACKGROUND**

Familiarity with the court's prior ruling is presumed; the court discusses only those facts necessary to resolve the instant motion. On April 28, 2005, Defendant OMH hired Plaintiff to work at Kingsboro as a Mental Health Therapy Aide. (Def. 56.1 Stmt. (Docket Entry # 55) ¶ 2.) OMH terminated Plaintiff on October 26, 2005. (Id. at ¶ 3.) On January 8, 2007, Plaintiff filed

1

suit alleging employment discrimination under Title VII and the ADEA. (Compl. 1.) Plaintiff alleged that, "I was told patients [were] capable of taking their own medications ... I found out [this] was not true after observing several patients overdosing and had no knowledge of what they were taking." (Id. ¶ 8.) She also alleged that she observed patients taking "undocumented and discontinued medication." (Id.) She claimed that after bringing this to the attention of the nursing department and her supervisor, she was "harassed up until the day of [her] departure." (Id.) Plaintiff seeks money damages and reinstatement of her old position. (See id. at 5; M&O 9.)

Upon Defendants' motion, the court granted summary judgment and dismissed Plaintiff's Title VII and ADEA claims, but construed Plaintiff's Complaint as raising a First Amendment retaliation claim under § 1983. (M&O 10-11.) Because Defendants did not move for summary judgment on that claim, the court invited Defendants to file a supplemental motion for summary judgment. (Id.) Defendants now move for summary judgment to dismiss Plaintiff's First Amendment retaliation claim. Defendants argue that they are immune from suit under the Eleventh Amendment and that any motion to add new, non-immune defendants would be futile because the statute of limitations has expired and because an amendment adding additional defendants could not "relate back" under Rule 15(c) of the Federal Rules of Civil Procedure. (Def. Mot. 3.)

## II. DISCUSSION

### A. Standard of Review

Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden of showing the absence of any genuine dispute as to a material fact rests on the party

seeking summary judgment. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Jeffreys v. City of New York, 426 F.3d 549, 553 (2d Cir. 2005).

For the purposes of summary judgment, a fact is "material" when it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "Therefore, summary judgment is improper if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party." Lucente v. Int'l Bus. Machines Corp., 310 F.3d 243, 254 (2d Cir. 2002) (citation omitted).

In ruling on a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his [or her] favor." Anderson, 477 U.S. at 255. "Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." Rule v. Brine, Inc., 85 F.3d 1002, 1011 (2d Cir. 1996). Further, "in pro se cases, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers,' and should read a pro se party's 'supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest.'" Vanhorne v. New York City Transit Auth., 273 F. Supp. 2d 209, 213 (E.D.N.Y. 2003) (internal citations omitted); accord Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006).

### B. Eleventh Amendment Immunity

The Eleventh Amendment bars suits in federal court against states or their agencies unless that immunity is waived by the state or abrogated by Congress. See, e.g., Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99-100 (1984). New York State has not waived its

immunity for claims arising under § 1983, see Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 38-40 (2d Cir. 1977), and it is well-settled that § 1983 does not abrogate Eleventh Amendment immunity, see Quern v. Jordan, 440 U.S. 332, 338 (1979). The Eleventh Amendment, however, does not bar suits against state officers in their official capacity for prospective injunctive relief to prevent a continuing violation of federal law, see Ex Parte Young, 209 U.S. 123, 159-60 (1908), or suits against state officers in their individual capacities for money damages, see, e.g., Kentucky v. Graham, 473 U.S. 159, 166-67 (1985).

Both Defendants are entitled to Eleventh Amendment immunity. OMH is an agency of New York State. See N.Y. Mental Hyg. Law § 7.01; Limwongse v. NYS Office of Mental Health, 249 Fed. Appx. 862, 2007 WL 2914879 (2d Cir. Oct. 4, 2007) (holding OMH entitled to immunity). And Kingsboro is a "hospital" within the "office" of OMH's Commissioner. See N.Y. Mental Hyg. Law § 7.17. Vallen v. Mid-Hudson Forensic Office of Mental Health, No. 02-CV-5666 (PKC), 2004 WL 1948756, at *3 (S.D.N.Y. Sept. 2, 2004) (hospital listed in N.Y. Mental Hyg. Law § 7.17 entitled to immunity). Plaintiff does not dispute that Defendants are arms of the state or that they are entitled to sovereign immunity.

Because both Defendants are immune from suit, Plaintiff's Complaint, as pleaded, must be dismissed. Plaintiff can only state a retaliation claim (1) for injunctive relief against a state officer in his or her official capacity or (2) for money damages against a state officer in his or her individual capacity. As Plaintiff has not named any state officers as defendants, Plaintiff's First Amendment claim can only survive upon amending her Complaint.

B.  **Leave to Amend**

Plaintiff has not sought to amend her Complaint. But even if she had, a potential amendment to add new defendants would be futile. The alleged adverse employment action

occurred on October 26, 2005. Any amendment against a new defendant would be untimely unless it could relate back to Plaintiff's original filing on January 8, 2007. See Jaghory v. New York State Dept. of Educ., 131 F.3d 326, 331 (2d Cir. 1997) (statute of limitations for a claim under § 1983 that accrued in New York is three years). Under Rule 15(c), an amendment to add a new defendant relates back to the original pleading when the applicable statute of limitations allows relation back, when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading," and

> if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C). In this case, any individual defendant named in an amended pleading would be prejudiced in defending a First Amendment claim. In her Complaint, Plaintiff did not specifically name any individuals involved in the challenged conduct. Discovery has long been completed and a summary judgment motion has been filed by Defendants and decided by the court. See, e.g., Ansam Associates, Inc. v. Cola Petroleum, Ltd., 760 F.2d 442, 446 (2d Cir. 1985) ("proposed amendment would have been especially prejudicial given the fact that discovery had already been completed and [the non-movant] had already filed a motion for summary judgment"). Inviting Plaintiff to move to amend her Complaint at this stage would, therefore, be futile.

## III. CONCLUSION

For the foregoing reasons, Defendants' motion is granted. Plaintiff's Complaint is dismissed in its entirety.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
August 25, 2010

NICHOLAS G. GARAUFIS
United States District Judge